DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2021-0004 |
| ) | |
| TARIK BABROW, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**Attorneys:**
**Daniel H. Huston, Esq.,**
St. Croix, U.S.V.I.
*For the United States*

**Gabriel J. Villegas, Esq.,**
**Lisa L. Brown Williams, Esq.,**
St. Croix, U.S.V.I.
*For Defendant Tarik Babrow*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Tarik Babrow's ("Defendant Babrow") "Unopposed Motion to Appear for Sentencing Via Videoconference" ("Motion to Appear via Videoconference") (Dkt. No. 71), wherein Defendant Babrow requests an order from the Court "authorizing Mr. Babrow to attend the sentencing hearing by videoconference." *Id.* at 1. Defendant Babrow makes this request because he is currently in the custody of the Bureau of Corrections on St. Thomas and "[t]ransport to St. Croix for the sentencing hearing amidst the pandemic exposes him and court personnel to significant health risks based on COVID-19 and variants of COVID-19." *Id.* at 3. Defendant Babrow further states that "[h]is sentencing cannot be further delayed without serious harm to the interests of justice based on the Court's backlog of cases and Mr. Babrow's guideline range [because] [d]epending on the Court's rulings, Mr. Babrow may be eligible for release from custody." *Id.*

Pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), the Judicial Conference of the United States found on March 29, 2020 that "emergency conditions due to the . . . national emergency declared by the President [under the National Emergencies Act (50 U.S.C. §§ 1601, *et seq.*) with respect to COVID-19] have materially affected and will materially affect the functioning of the federal courts generally." This finding by the Judicial Conference permitted Chief District Judges to authorize the use of videoconference or teleconference for felony sentencings, under certain circumstances, during the COVID-19 pandemic. On July 3, 2021, Chief Judge Robert A. Molloy of this District, per the "Twenty-Fourth Order Concerning Operations of the District Court of the Virgin Islands Video and Teleconferences for Criminal Proceedings," extended an earlier Order by finding that "felony sentencings . . . still cannot, with certainty, be conducted in person without seriously jeopardizing public health and safety, in view of the continuing impact and unpredictability of the pandemic." *In Re: District Court Operations During the COVID-19 Outbreak, 1:20-mc-0001*, Dkt. No. 26, at 4. Under these circumstances, the CARES Act provides that "if a district judge in a particular case finds for specific reasons that a . . . sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use videoconferencing [for the] sentencing in that case." *Id* .at 5.

On September 14, 2021, the Court convened an "in-chambers" video status conference to discuss logistical matters and other particularities regarding Defendant Babrow's sentencing hearing in light of COVID-19 considerations. After the status conference, the Court entered an Order in which it deferred ruling on Defendant Babrow's Motion to Appear via Videoconference pending further briefing. (Dkt. No. 97). The Order directed Defendant Babrow to file a Supplement to his Motion to Appear via Videoconference which would include "(1) any additional arguments

as to why the sentencing hearing cannot be further delayed without serious harm to the interests of justice pursuant to the CARES Act, and (2) further explanation of his current detention status and any impact that such status has on the issue as to why the sentencing hearing cannot be further delayed."[1] *Id.* at 2.

In his Supplement, Defendant Babrow reiterates his position that "his sentence cannot be further delayed without serious harm to the interests of justice due to his guideline range and period of time he has been incarcerated." (Dkt. No. 98 at 2). In so asserting, the parties argue that Defendant Babrow is currently in federal custody, or alternatively, that he is in both federal and local custody. Because of the apparent confusion harbored by counsel for the parties, the Court finds it necessary to debunk this obvious myth.

First, in an apparent attempt to support the argument that he is currently in *federal*—rather than local—custody and has been so held since March 2021, Defendant Babrow paints a picture in the first three paragraphs of his Supplement that the relevant facts consist of a federal charge against him; a motion to revoke his pretrial release; and an Order revoking his pretrial release at which time he "was taken into custody and has remained in custody since that date." (Dkt. No. 98 at 1, ¶¶ 1-3). These three paragraphs make no mention of the fact that Defendant Babrow had been arrested by local authorities on a territorial charge; had not posted bail to be released from local custody; and was brought to federal court for the revocation hearing pursuant to a Writ of Habeas Corpus Ad Prosequendum ("Writ") and returned to local custody following the hearing (Dkt. No. 43). Indeed, the Application for the Writ filed by the U.S. Attorney's Office ("USAO") states that

---

[1] This latter directive stemmed from what the Court perceived from the outset as an incongruence in Defendant Babrow's argument for why the sentencing hearing could not be further delayed. Specifically, his alleged potential eligibility for release from custody based on his federal sentencing did not seem to coincide with the fact that Defendant Babrow remains in local custody on an unrelated territorial charge due to his failure to post bail. (*See* Dkt. No. 88 at 1 n.1).

Defendant Babrow "is currently being held in the custody of the Warden at the Alexander Farrelly Justice Complex in St. Thomas, U.S. Virgin Islands," (Dkt. No. 42 at 1, ¶ 2), and the Writ—based on the proposal by the USAO and signed by the Magistrate Judge on March 11, 2021—concludes by saying: "After the hearing, the United States Marshal . . . , or his deputies, shall return forthwith **TARIK BABROW** to the custody of the Warden of the Alexander A. Farrelly Justice Complex, St. Thomas, U.S. Virgin Islands." (Dkt. No. 43). That Defendant Babrow came to the federal revocation hearing from local custody and was returned to local custody could not be clearer.[2]

Second, apparently recognizing that he is not in federal custody, Defendant Babrow then claims that "the U.S. Marshal failed to take him into custody" upon revocation of his pretrial release on March 19, 2021. (Dkt. No. 98 at 2, ¶ 6). While it is true that the U.S. Marshals Service did not take Defendant Babrow into custody, there was no neglect of duty on the part of the U.S. Marshals Service as Defendant suggests. Instead, the appropriate process was followed under the circumstances here. Specifically, Defendant Babrow was detained in the territorial facility on St. Thomas in March 2021 after his alleged involvement in an unrelated, territorial criminal matter and his arrest by local authorities for the same. On March 10, 2021, the Government moved to revoke his federal pretrial release based on the local incident. (Dkt. No. 38 at 2). Defendant Babrow was brought to federal court for the revocation proceedings pursuant to the Writ applied for by the USAO and issued by the Magistrate Judge. After the revocation hearing, the Magistrate Judge granted the Government's Motion and issued an Order of Detention Pending Trial. (Dkt. Nos. 51, 54). Pursuant to the Writ, Defendant Babrow was returned to local custody. Defendant Babrow

---

[2] In his initial Motion to Appear via Videoconference, Defendant Babrow acknowledged this fact. (*See* Dkt. No. 71 at 3 ("Mr. Babrow is currently in the custody of the Bureau of Corrections in St. Thomas.")).

remains in local custody having not posted bail that was set by the Superior Court in connection with the local incident. The Magistrate Judge's Order revoking his pretrial release results in a federal detainer lodged by the U.S. Marshals Service. This means that *if* Defendant Babrow is released from local custody, only then would he be taken into federal custody. Because Defendant Babrow has *not* posted bail to secure his release from local custody, the triggering event for federal custody has not occurred. Thus, Defendant Babrow's assertion that there was a "failure" by the Marshals Service to take him into custody upon his revocation is simply wrong.

Third, Defendant Babrow appears to take solace for his federal custody argument in Assistant United States Attorney ("AUSA") Daniel Huston's "understanding, similar to the understanding of counsel for Mr. Babrow, that Mr. Babrow was taken into federal custody on March 19, 2021 as a result of the government's motion to revoke pretrial release." (Dkt. No. 98 at 3, ¶ 11). Such a position is completely at odds with AUSA Huston's statements at the revocation hearing held on March 19, 2021 that an Order from the Magistrate Judge revoking Defendant Babrow's pretrial release would act as a "detention holder," so that *if* circumstances change such that Defendant Babrow meets his local conditions of release by posting bail, the Magistrate Judge's detention order would *then* "come into play" and Defendant Babrow would be held under the federal detention order. AUSA Huston's purported "understanding" is also inconsistent with the Applications for Writs that he has filed, (Dkt. Nos. 24, 34, 42, 60, 73, 89), including one that is now pending before the Court. In this latter Application, AUSA Huston asserts that Defendant Babrow "is currently being held in the custody of the Warden at the Alexander Farrelly Justice Complex in St. Thomas, U.S. Virgin Islands." (Dkt. No. 89 at 1). The Application requests that Defendant Babrow be delivered to the U.S. Marshals Service for the upcoming sentencing on October 1, 2021, and "[a]fter the sentencing" be "return[ed] . . . to the custody of the Warden of

the Alexander Farrelly Justice Complex . . . ." (Dkt. No. 89-1). Defendant Babrow's reliance on AUSA Huston's "understanding"—which appears to be a misunderstanding—is therefore unavailing.

Fourth, the parties alternatively argue that Defendant Babrow is in *both* local and federal custody simultaneously. Defendant Babrow has provided no legal support for that proposition, and the Court rejects such a notion. It is clear to the Court that Defendant Babrow remains in local custody as confirmed by the circumstances here, including the multiple Applications for Writs of Habeas Corpus Ad Prosequendum that the Government has filed in order to bring Defendant Babrow before the District Court for various proceedings. (Dkt. Nos. 24, 34, 42, 60, 73, 89).

Finally, Defendant Babrow misconstrues and mischaracterizes this issue as one in which the Court has "taken the position that he may not be entitled to any credit for time served as he is in local custody." (Dkt. No. 98 at 2). The Court has taken no such position. The issue is whether Defendant Babrow's eligibility for release upon imposition of the federal sentence, as Defendant Babrow claims, presents a credible basis for finding that the sentencing cannot be delayed without serious harm to the interests of justice under circumstances—as here—where Defendant Babrow is in local custody for an unrelated crime and has not posted bond to secure his release. As discussed above, the reasons advanced by Defendant Babrow in support of his position in this regard are without merit. Indeed, even if Defendant Babrow were to receive credit against his federal sentence for the time that he was in local custody, he would not be eligible for release as long as he continues to fail to meet the conditions for pretrial release before the local court. Therefore, the Court rejects Defendant Babrow's argument that the sentencing cannot be delayed based on his detention status.

Notwithstanding the foregoing, the Court finds, for other reasons, that the sentencing hearing in this matter cannot be further delayed without serious harm to the interests of justice. An in-person hearing would require travel by Defendant Babrow from St. Thomas, where he is being detained, to St. Croix, with the attendant health risks presented by travel during the COVID-19 pandemic and travel-related logistical concerns. Further, in light of these concerns, there would be an indefinite delay of the sentencing hearing in this matter in the absence of a videoconference or teleconference proceeding. The Court further finds that the matter should go forward as scheduled to prevent unnecessary delay in the completion of the sentence and to allow closure of the federal matter for Defendant Babrow. Finally, if the Court were to delay this hearing until it can be held in-person, it would add to the Court's backlog of criminal matters created by the pandemic. Under these circumstances, the Court concludes that the sentencing in this matter cannot be delayed further without serious harm to the interests of justice.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Babrow's "Unopposed Motion to Appear for Sentencing Via Videoconference" (Dkt. No. 71) is **GRANTED** for the reasons stated herein; and it is further

**ORDERED** that this matter is scheduled for a sentencing hearing via videoconference on **October 1, 2021 at 9:30 a.m.** before the undersigned District Judge; and it is further

**ORDERED** that the Clerk's Office shall contact counsel to provide the necessary call-in information to participate; and it is further

**ORDERED** that the general public shall have access to the sentencing hearing via teleconference by contacting 1-866-390-1828 and entering Access Code 5987498 #; and it is further

**ORDERED** that, pursuant to the Court's Order entered on September 17, 2021 (Dkt. No. 97), a video "in-chambers" status conference will be held on **September 24, 2021 at 10:00 a.m.** before the undersigned District Judge, at which only counsel's presence is necessary.

**SO ORDERED**.

Date:   September 23, 2021                                          _____/s/_____
                                                                                         WILMA A. LEWIS
                                                                                         District Judge